UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

AMENDED CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **3/31/10** | Docket #: | **10-13421** |
| Debtor: | **James J Belanger** | Co-Debtor: | **Margaret M Belanger** |
| SS#: | **xxx-xx-0439** | SS#: | **xxx-xx-7714** |
| Address: | **24 Merrill Ave**<br>**Lynn, MA 01902** | Address: | **24 Merrill Ave**<br>**Lynn, MA 01902** |

| | |
|---|---|
| Debtor's Counsel: | **Peter R. Kaplan** |
| Address: | **60 Washington St**<br>**Suite 305**<br>**Salem, MA 01970** |
| Telephone #: | **978-740-2805** |
| Facsimile #: | **978-740-0498** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**OFFICIAL LOCAL FORM 3A**
**POST-CONFIRMATION AMENDED CHAPTER 13 PLAN**

DATED: **August 29, 2013**

POST-CONFIRMATION **3RD AMENDED** CHAPTER 13 PLAN
(Insert First, Second etc.)

Docket No.: **10-13421**

DEBTORS:  (H)  **James J Belanger**            SS#: **xxx-xx-0439**

          (W)  **Margaret M Belanger**         SS#: **xxx-xx-7714**

I. AMENDED PLAN PAYMENT AND TERM:

TERM OF THE PLAN: **60** Months (Total length of Plan - not no. of months remaining.) If the plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C.§1322(d) must be attached hereto.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly: $ **714.00**

EFFECTIVE: **September1, 2013**   (Insert new payment beginning date.)

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of secured claims to be paid through the Plan: $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **BAC/Countrywide** | **First Mortgage** |
| **Carrico International Inc.** | **Purchase Money Security** |
| **Digital Fed Credit Uni** | **2004 Chrysler Town and Country** |
| **Duvera Financial** | **Purchase Money Security** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Bank of America, NA** | 1. **The Debtors are owners of a residential property located at 24 Merrill Avenue, Lynn MA 01902, the ("property"). The property has a present value of $172,500.00 and is subject to a first mortgage, to Bank of America identified by a loan number bearing the last four digits 7533. The balance due on this loan as of the date of the filing of this petition was approximately $236,241.00.** <br><br> 2. **The property is further subjected to a 2nd mortgage originally granted to Mortgage Electronic Registration Systems Inc, and recorded with the Essex South Registry of Deeds, Book 26814, Page 111 (the "2nd Mortgage"). Said mortgage was transferred to Bank of America, NA (hereafter "BOA") by assignment, recorded with the Essex South Registry of Deeds, Book 32014, Page 148. The balance due on this loan at the time of filing of the petition was approximately $45,565.00.** <br><br> 3. **Pursuant to 11USC sec1322(b)(2) this plan provides to modify the 2nd Mortgage claim due BOA and treats such claims as an unsecured claim in its entirety.** <br><br> 4. **The unsecured claim of BOA is included in the class of unsecured claims and will be paid the same dividend as the other general unsecured claims.** <br><br> 5. **The Order of Discharge to be entered in this case under 11USC sec1328(a) shall constitute a discharge of the 2nd mortgage mortgage held by BAC and described herein above.** | **equal dividend as to all other unsecured creditors** |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       **-NONE-**
       ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
       **-NONE-**

    iii. The arrears under the lease to be paid under the plan are __**0.00**__.

III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of Priority Claims to Be Paid Through the Plan: $      **0.00**

IV. ADMINISTRATIVE CLAIMS

A. Attorneys Fees (to be paid through the plan): $ **1,500.00**

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **32.29** % of their claims.

A. General unsecured claims: $ **64,792.86**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **BAC/Countrywide** | **Second Mortgage** | $ **45,655.00** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of Unsecured Claims (A + B + C): $ **110,447.86**

D. Multiply total by percentage: $ **35,664.60***
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | $ | |

Total amount of separately classified claims payable at ____%    $ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

C. Set forth below, all changes from the previously Confirmed Plan:

Secured: **To identify the wholly unsecured 2nd mortgage, by the book and page number it is recorded at the Essex South Registry of Deeds. The mortgage is recorded in Book 26814, Page 111.**

Priority: **none**

Unsecured: **none**

Term: **none**

Plan Payment: **Decrease payment from $750.00 to $714.00.**

## VII. CALCULATION OF AMENDED PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | 0.00 |
| b) Priority claims (Section III-A&B Total): | $ | 0.00 |
| c) Administrative claims (Section IV-A&B Total): | $ | 1,500.00 |
| d) Regular unsecured claims (Section V-D Total): + | $ | 35,664.60 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 37,164.60 |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 41,294.00 |
| (This represents the total amount to be paid into the Chapter 13 Plan) | | |
| h) Subtract the total amount of payment the Debtor has paid to the Trustee to date: | $ | 26,294.00 |
| i) Total amount left to be paid (g minus h) | $ | 15,000.00 |
| j) Divide (i) by # of months remaining: **21 months** | | 714.00 |
| k) Round up to nearest dollar: Amended Monthly Plan Payment: | $ | 714.00 |

Date Amended Payment to begin: **September 1, 2013**

## VIII. LIQUIDATION ANALYSIS

☒ The Debtor avers that there have been no material changes to the total amount set forth in the Summary of the Liquidation Analysis of the Debtor's previously Confirmed Plan.

A. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **24 Merrill Ave.<br>Lynn, MA 01902<br>Single Family Home** | $ 172,500.00 | $ 281,896.00 |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B. Automobile (Describe year, make and model):

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **2004 Chrysler Town and Country 54kmiles** | Value $ | 8,211.00 | Lien $ | 10,300.00 | Exemption $ | | 0.00 |

| | |
|---|---|
| Total Net Equity: | $ 0.00 |
| Less Total Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

| |
|---|
| **cash on person and at home** |
| **Location: 24 Merrill Ave, Lynn MA** |
| **Eastern Bank Check** |
| **Swampscott** |
| **Eastern Bank Checking (2)** |
| **Eastern Bank - checking** |
| **3 rooms, typical used furnishings (no one item worth more than approx. $500)** |
| **Typical used clothing, nominal value** |
| **Diamong ring (approx 7/8 Kt.)** |
| **2 home computers 2 yrs old, and 4 yrs old)** |
| **401k - Fidelity** |
| **401k - Hartford** |

Total Net Value: $ **24,165.00**
Less Total Exemptions (Schedule C): $ **24,165.00**
Available Chapter 7: $ **0.00**

D. Liquidation Summary (Total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor(s) or his or her counsel will serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and file a Certificate of Service accordingly.

**/s/ Peter R. Kaplan**                                  **June 27, 2013**
**Peter R. Kaplan**                                               Date
Debtor's Counsel
Counsel's Address:   **60 Washington St**
                     **Suite 305**
                     **Salem, MA 01970**

Tel# **978-740-2805** Fax: **978-740-0498**   Email Address: **pkaplaw@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **June 27, 2013**                     Signature   **/s/ James J Belanger**
                                                       **James J Belanger**
                                                       Debtor

Date **June 27, 2013**                     Signature   **/s/ Margaret M Belanger**
                                                       **Margaret M Belanger**
                                                       Joint Debtor